NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0272n.06

No. 24-5063

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Jun 04, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| MATTHEW THOMAS, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, BUSH, and NALBANDIAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Matthew Thomas, a federal prisoner, was sentenced to 114 months of imprisonment for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). This sentence is nearly one and a half times the top end of Thomas's 63- to 78-month guidelines range. Thomas challenges the substantive reasonableness of this upward variance. Because the district court adequately explained why an upward variance was warranted, we hold that the district court did not abuse its discretion. Accordingly, we **AFFIRM**.

## I. BACKGROUND

On May 18, 2021, Thomas was arrested for possessing a stolen handgun. R. 72 (PSR ¶¶ 7–10) (Page ID #221–22). He had stolen the firearm from his mother. *Id.* Thomas "had been seen waving a gun around and acting very manic before leaving his girlfriend's house." *Id.* ¶ 9 (Page

ID #222).   After local police confronted Thomas, he admitted to possessing the weapon and complied with their instructions.  *Id.* ¶ 10 (Page ID #222).

On August 25, 2022, a grand jury indicted Thomas on two counts—one under 18 U.S.C. § 922(g)(1) and the other under § 922(j).  R. 1 (Indictment at 1) (Page ID #1).  On October 27, 2022, the Government filed a superseding indictment, charging the same two counts, but adding additional allegations asserting that Thomas was eligible for an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  R. 17 (Superseding Indictment at 1–2) (Page ID #37–38).  Following an assessment of his competency, Thomas stipulated to a psychological evaluation that he suffers from:  "(1) Schizotypal Personality Disorder, (2) Alcohol Use Disorder, severe, in a controlled environment, and (3) Stimulant Use Disorder (methamphetamine), severe, in a controlled environment."  R. 48 (Order Adopting Competency Finding at 2–3) (Page ID #111–12).

Thomas pleaded guilty on July 25, 2023, to the § 922(g)(1) count.  R. 81 (Re-Arraignment Tr. at 28) (Page ID #357).  At the January 9, 2024 sentencing, and although the Government argued that the district court should apply the ACCA sentencing enhancement, the district court found that Thomas's prior convictions did not qualify as predicate offenses.  R. 79 (Sent'g Tr. at 24–38) (Page ID #279–93).  Consequently, Thomas's guideline range decreased from 180- to 210-months of imprisonment, R. 72 (PSR ¶ 73) (Page ID #237), to 63- to 78-months of imprisonment, R. 79 (Sent'g Tr. at 42) (Page ID #297).  The district court adopted the government's specific recommendation, and sentenced Thomas to 114 months of imprisonment to run concurrent with a related state-court matter.  *Id.* at 46, 58–60 (Page ID #301, 313–15).

In varying upward from Thomas's guidelines range, the district court principally noted his violent criminal history. *Id.* at 52, 57–58 (Page ID #307, 312–13)  This history included Thomas's three convictions for sexual assault, one of which involved a minor under twelve-years-old. *Id.* at 53 (Page ID #308).  Thomas also had a history of resisting arrest and fleeing the police, often armed with a knife. *Id.* at 53–54 (Page ID #308–09).  Based on Thomas's lengthy criminal history, the district court determined that his prior five-year sentences had not deterred him, and that his current sentence would have to be sufficient to deter him from future criminal conduct. *Id.* at 54 (Page ID #309).

Although the district court noted that "there may be some small mitigating factors related to [Thomas's] mental health," those mitigating factors were outweighed by "a really aggravating factor involving [his] criminal history." *Id.* at 53 (Page ID #308).  In declining to sentence Thomas within the guideline range, the district court noted the need for specific deterrence, that Thomas did not receive the ACCA sentencing enhancement despite his violent criminal history, and his "violent recidivist, persistent and troubling criminal history." *Id.* at 57 (Page ID #312).  Thomas's 114-month sentence "is about a 45 percent upward variance from the high end of the guideline range." *Id.* at 58 (Page ID #313).

## II.  STANDARD OF REVIEW

Thomas challenges the substantive reasonableness of his above-guidelines sentence.  We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007).

## III. ANALYSIS

Thomas challenges only the district court's reliance on his extensive criminal history in varying upward. Because the district court adequately explained why an upward variance was warranted in these circumstances, we affirm.

"Substantive reasonableness focuses on whether a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Mitchell*, 107 F.4th 534, 544 (6th Cir. 2024) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). The question is whether "the court placed too much weight on some of the [sentencing] factors and too little on others in sentencing the individual." *Id.* (quoting *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). "If the court failed to give 'reasonable weight to each relevant factor,' the sentence that results is substantively unreasonable." *United States v. Perez-Rodriguez*, 960 F.3d 748, 754 (6th Cir. 2020) (quoting *United States v. Boucher*, 937 F.3d 702, 707 (6th Cir. 2019)).

"[A] sentence above the guidelines range 'requires the district court to consider the extent of the deviation to ensure that the justification is *sufficiently compelling* to support the *degree* of variance.'" *United States v. Johnson*, 26 F.4th 726, 736 (6th Cir. 2022) (quoting *Perez-Rodriguez*, 960 F.3d at 754). "In doing so, the district court must explain 'how the present case is different from the typical or mine-run case' within the 'heartland to which the Commission intends individual Guidelines to apply.'" *Id.* (quoting *Perez-Rodriguez*, 960 F.3d at 754). "Relevant here, '[t]he greater the variance, the more compelling the justification must be.'" *Id.* (alteration in original) (quoting *Perez-Rodriguez*, 960 F.3d at 754). "And when a sentence 'departs from the advisory range in a mine-run case,' variance justifications warrant closer review by this Court." *Id.* (quoting *Perez-Rodriguez*, 960 F.3d at 754).

Here, the district court adequately explained why an upward variance was justified under the sentencing factors. Thomas has three sexual assault convictions, including one involving a minor under twelve-years-old. R. 79 (Sent'g Tr. at 53) (Page ID #308). Each time Thomas was given the opportunity to serve his sentence outside of the carceral setting, he would commit another violent offense, and often flee the police while resisting arrest with a knife in hand. *See id.* at 53–54 (Page ID #308–09). In the instant matter, Thomas was caught in a manic state while brandishing a stolen firearm in an area where two women had then-active domestic-violence-protection orders against Thomas. *Id.* at 47–48 (Page ID #302–03). Thomas had twice received lengthy sentences, neither of which deterred his criminal conduct. *See id.* at 54 (Page ID #309). Against this backdrop, the district court considered the letter written by Thomas's mother, his being raised by a single mother, and his mental-health and addiction issues. *Id.* at 50–52 (Page ID #305–07). The district court also considered that the average and median sentence (62 months and 63 months, respectively) for someone with Thomas's guideline range is roughly half the length of the sentence imposed. *Id.* at 55 (Page ID #310). Nevertheless, the district court found that an upward variance of about 45% from the high end of the guidelines was warranted in Thomas's case.

Based on the record established below, we conclude that the district court adequately explained why an upward variance was sufficient but not greater than necessary. The district court did not abuse its discretion when it varied upward in light of Thomas's background, his characteristics, the need to deter Thomas, and the need to protect the public. On appeal, Thomas asks for little more than that we re-weigh the sentencing factors. That is not the scope of our review. *See United States v. Frei*, 995 F.3d 561, 567–68 (6th Cir. 2021). Although Thomas's

5

sentence is a significant variance, the district court adequately explained why this variance was warranted.

## IV. CONCLUSION

For these reasons, we **AFFIRM** the sentence and judgment of the district court.